*119 OPINION.
Trtjssell :
The facts in this proceeding are all stipulated. The deficiency is asserted for the calendar year 1921, and arises from the action of respondent in increasing the income reported by petitioner for that year by an amount determined by him as profit realized in that year by petitioner in the sale of its plant and other assets to another corporation.
In respect to the first contention of petitioner, that the conveyance of the assets was merely a transfer effecting a distribution to stockholders in liquidation and not a sale, the stipulated facts show beyond *120 question that petitioner actually received nothing for the assets transferred, and that the transfer was made in carrying out the liquidation, formally determined upon and directed by the stockholders. Can it be said that there was constructive receipt on its part of the consideration received by the stockholders ?
As a matter of fact, petitioner has in the course of liquidation merely transferred certain of its assets, subject to distribution to its two stockholders, to another corporation with direction to apply them against subscriptions made personally by such stockholders to the stock of the transferee and with direction to issue the stock direct to such subscribers.
The facts in this case are not similar to those in Strand Amusement Co., 3 B. T. A. 770, in which we held that a corporation which sold assets under a contract which specified that a certain portion of the consideration was to be paid it “ as agent for its stockholders and distributed among such stockholders,” was taxable upon the gain represented by the entire consideration as it was not in fact an agent for distribution to its stockholders of the consideration received from sale of its assets. In that case the consideration was actually received by the corporation and irrespective of any recital in the contract of sale its obligation to its stockholders was in no way increased or altered.
In the present case petitioner received no part of the consideration paid for the transferred assets by the corporation receiving them. In so far as petitioner was concerned, the transfer effected no more than the redemption of its stock outstanding in the hands of its stockholders. Such conclusion can not be avoided, in our opinion, when it is agreed and stipulated by petitioner and respondent that the transfer was an act in effecting a liquidation and was made direct to Tolman, Dow & Co., Inc., instead of to the stockholders merely for the purpose of avoiding the expense of a double transfer.
The book entry made in 1922, as of November 1, 1921, recording this transaction as an investment in the stock of Tolman, Dow & Co., Inc., is shown to have been an entry not authorized by and unknown to the officers of petitioner, and in view of the admitted facts is clearly shown to be erroneous. This being the case it can not determine petitioner’s tax liability. Income is not a matter of bookkeeping but of fact. As we said in Cleveland Woolen Mills, 8 B. T. A. 49:
Mere bookkeeping entries can not make sales from transactions which were In fact not sales, or income from something which is in fact not income.
In view of these facts we hold that the transfer in question was not a sale of property in which a gain was realized in so far as petitioner was concerned, but a transfer by it intended to take effect, and which *121 did take effect, as a distribution of its assets. The conclusion reached necessarily disposes of the alternative issue presented.

Judgment will be entered for the petitioner.